WATSON, Judge.
This is an appeal of an automobile accident case which was tried to a jury, resulting in a verdict for defendants.
Plaintiff is Louis Babineaux, the driver of a Ford automobile which crashed into a Chevrolet pickup truck being operated by defendant, Michael J. LeBlanc, and insured by defendant, Commercial Union Insurance Company. At the time of the accident, approximately 2:00 A. M. in the morning of August 31, 1974, the pickup truck was topped at an angle somewhat blocking Ba-bineaux’s proper lane of travel and the operator, LeBlanc, was outside the pickup attempting to attach a chain to another vehicle which was in the ditch.
There are only two issues presented on appeal and these are: (1) whether there was a reasonable evidentiary basis for the jury’s decision in favor of defendants; and (2) whether the trial court erred in allowing the filing of an amended answer.
As to the first issue, there are numerous witnesses and voluminous evidence on both sides, mostly relating to the presence or absence of lights on the many vehicles at the scene of the accident, a rural two-lane, asphalt road, and the degree of possible intoxication of the plaintiff. The jury saw and heard all of the witnesses, resolving the factual issues against plaintiff. There is no doubt that there is a reasonable evidentiary basis for the jury’s decision and that it is free from manifest error. Canter v. Koehring, 283 So.2d 716 (La., 1973).
The second issue is somewhat more complicated. The defendants originally filed a general denial to plaintiff’s petition. On April 5, 1976, some fifteen days before trial, counsel for the defendants mailed an amended answer asserting plaintiff’s contributory negligence to the clerk of court for filing and forwarded a copy to plaintiff’s attorney. The latter acknowledged receiving the copy, but the original answer was not filed in the record. This fact was unknown to both attorneys until the last day of trial when the judge informed them that he was not going to give a charge on contributory negligence. Counsel for defendants moved to file an amended answer at that time and the trial judge allowed him to do so. The plaintiff’s attorney, who acknowledges receiving a copy of the amended answer several days prior to trial, cannot be said to have been taken by surprise or to have been without notice of the contributory negligence defense.
There was no abuse of discretion by the trial judge in allowing the amended answer to be filed. Norman v. City of Shreveport, 141 So.2d 903 (La.App. 2 Cir. 1962).
For the foregoing reasons, the judgment of the trial court is affirmed. Costs on appeal are taxed against plaintiff-appellant.
AFFIRMED.